T.C. Memo. 1996-511


UNITED STATES TAX COURT


JAMES LESLIE CLARK VALARIAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10037-94.                    Filed November 19, 1996.


James Leslie Clark Valarian, pro se.

<u>James B. Ausenbaugh</u>, for respondent.


MEMORANDUM OPINION


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent determined a deficiency in petitioner's 1990 Federal income tax in the amount of $1,230.

_____

[1]All section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether petitioner is entitled to dependency exemption deductions for four of his children.

Some of the facts have been stipulated, and they are so found. At the time of the filing of the petition, petitioner resided in West Valley City, Utah.

Background

Petitioner married Karen Inman Silver (Ms. Silver) in 1973. They had four children: Michael, Marjorie, Susan, and Brigette (the children). Petitioner and Ms. Silver were divorced in 1983. Pursuant to the divorce decree, custody of the children was awarded to Ms. Silver, with liberal visitation rights to petitioner. The divorce decree also required petitioner to pay child support of $150 per child per month. Petitioner's child support obligation was subsequently reduced to $125 per child per month. The divorce decree contains no reference to the dependency exemption deductions for the children.

During 1990, the children remained in the custody of Ms. Silver and resided with her. They spent approximately 30 hours per week with petitioner. He paid for the children's food while they stayed with him, provided each child with an allowance, and paid for their life and health insurance. In addition, he paid $6,000 ($125 per child per month for 12 months) in child support payments to Ms. Silver during 1990.

On his 1990 return, petitioner claimed dependency exemption deductions for Michael, Marjorie, Susan, and Brigette. Although

not entirely clear from the record, it appears that for the year 1990, Ms. Silver also claimed dependency exemption deductions for the children. Respondent disallowed the dependency exemption deductions claimed by petitioner with respect to the children, explaining in the notice of deficiency that "the [divorce] decree does not state that you are entitled to claim the children for tax purposes and we have not received a [written declaration] signed by the custodial parent releasing the exemption to you".

## Discussion

We begin by noting that deductions are a matter of legislative grace, and taxpayers must satisfy the specific statutory requirements of any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 151(c) allows a taxpayer a dependency exemption deduction for each dependent as defined in section 152. The term "dependent" includes certain individuals, such as a son or daughter, "over half of whose support for the calendar year * * * was received from the taxpayer (or is treated * * * as received from the taxpayer)". Sec. 152(a). In the case of a child of divorced parents, generally the custodial parent is treated as providing over one-half of the support of the child. Sec. 152(e)(1).

There are three exceptions to this rule. The custodial parent is not treated as providing over one-half of the support

of the child if: (1) The custodial parent signs a written declaration that he or she will not claim the child as a dependent for any (or a certain) taxable year, and the noncustodial parent attaches such written declaration to his or her return for the appropriate year; or (2) over one-half of the support of the child is treated as having been received from a different individual under a multiple support agreement; or (3) a pre-1985 decree of divorce or separate maintenance, or written agreement provides that the noncustodial spouse is entitled to the dependency exemption deduction for the child, and the noncustodial spouse contributes at least $600 for support of such child during the relevant taxable year. Sec. 152(e)(2) through (4).

None of the above exceptions is applicable in this case. Consequently pursuant to section 152(e)(1), Ms. Silver, the custodial parent, is considered to have provided over one-half of the support of the children during 1990. It follows, therefore that petitioner is not entitled to claim dependency exemption deductions for any of the children for the year 1990 because they are not his dependents as that term is defined in section 152(a).

At trial and on brief, petitioner made various constitutional arguments in support of his position that we should find that there is no deficiency in his 1990 Federal income tax. Although not entirely clear to us, we believe that petitioner's constitutional arguments focus not so much upon the

allowance of the deductions here in dispute, but upon whether he should be entitled to exclude from income earnings over which, in his view, he had no discretionary control.  To the extent we understand petitioner's arguments, we find them to have no merit. Suffice it to say that similar arguments have been previously rejected by the Court.  See <u>Knight v. Commissioner</u>, T.C. Memo. 1992-710, affd. without published opinion 29 F.3d 632 (9th Cir. 1994).

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.